WASHINGTON COUNTY DEPART-
MENT OF PUBLIC WELFARE,
Appellant,

v.

Nancy J. KONAR, Appellee.

No. 1–880A222.

Court of Appeals of Indiana,
First District.

March 5, 1981.

John W. Mead, Mead, Mead & Mead, Sa-
lem, for appellant.

David P. Allen, Allen & Thompson, Sa-
lem, for appellee.

ROBERTSON, Judge.

The petitioner-appellant Welfare Depart-
ment is appealing a judgment which ended
proceedings to terminate the parental
rights of the respondent-appellee Konar.
We affirm.

The two issues raised by the Welfare
Department are whether a voluntary relin-
quishment of parental rights can be unilat-
erally rescinded without a hearing and
whether the trial court applied the appro-
priate law to the case.

The sequence of events relevant to the
appeal is that Konar gave birth to a child
on April 16, 1979. On April 18, she exe-
cuted a voluntary termination of parental
rights on a form furnished by the Welfare
Department. On June 8, the Welfare De-
partment filed its Petition to Terminate
Parental Rights and gave notice to Konar
accordingly. Konar appeared on June 27,
and filed a notice of recision of her relin-
quishment of parental rights. The new Ju-
venile Code, *Ind.Code* 31–6–1–1, *et seq.* be-
came effective on October 1, 1979. On No-
vember 1, Konar filed a motion to dismiss
stating that the Welfare Department's Peti-
tion to Terminate Parental Rights failed to
comply with the new law. The trial court
on April 23, 1980, without an evidentiary
hearing, ruled the mother could revoke con-
sent to termination of parental rights at
any time prior to and at a final hearing.
Without so explicitly stating in its dismiss-
al, the trial court applied the provisions of
the new Juvenile Code.

This court, in the recent opinion of *In The
Matter of Damon Miedl, a child under the
age of 18 years,* and, *In The Matter of
Shaun David Miedl, a child under the age of
18 years,* (1981) 416 N.E.2d 491, 1981, dis-
cussed the "retroactive" application of IC
31–6–5–4. In holding that IC 31–6–1–1 *et
seq.* applies to still pending matters, Judge
Chipman stated:

There are numerous differences between the new Juvenile Code and the law it replaced. The new law provides new protections in various proceedings and mandates different time requirements in others. IC 31–6–1–1 lists the purposes and policies behind the act including an insurance of fair hearings and a recognition of constitutional and other legal rights of children and parents. The legislature must certainly have intended to insure these rights to all children and parents coming in contact with juvenile justice.

Under the facts of this case, we also are of the opinion that the trial judges application of the "new" law was not error. Public Law 136, § 59, Acts of 1978, (the Juvenile Code), in our opinion, requires its application to pending matters. The state of the record in this case shows no dispositional decree being entered by the trial court prior to October 1, 1979, thereby making the new Juvenile Code applicable.

When one considers the paramount interests of a natural parent in its child; the fact that the Welfare Department knew, or should have known, of impending procedural changes; Konar's motion to have the new code apply; and, the natural parent's statutory right under the new code to recant, we find that no error was committed in either the law as applied or the lack of an evidentiary hearing thereon.

Judgment affirmed.

NEAL, P. J., and RATLIFF, J., concur.