In the Matter of the ADOPTION OF Male Infant KONAR

Nancy SIMPSON, Respondent-Appellant,

v.

Paul BEELER, Linda Beeler, Petitioners-Appellees.

No. 1–283A50.

Court of Appeals of Indiana, First District.

Oct. 12, 1983.

Rehearing Denied Nov. 29, 1983.

John E. Brengle, J. Mark Robinson, Legal Services Organization of Indiana, Inc., New Albany, for respondent-appellant.

Bobby Jay Small, Indianapolis, Richard P. Good, Jr., Cicero, William R. Wilson, Lawrenceburg, for petitioners-appellees.

RATLIFF, Judge.

## STATEMENT OF THE CASE

Appellant Nancy Simpson appeals from an order of the Dearborn Circuit Court denying Simpson's motion to set aside an adoption decree. We affirm.

## FACTS

On April 16, 1979, Nancy Simpson (nee Konar) gave birth to an unnamed male infant. Two days later, Simpson signed a "Voluntary Termination or Relinquishment of Parental Rights" and a "Consent to Adoption." That same day, there was filed in the Washington Circuit Court a petition to make the child a ward of the Washington County Department of Public Welfare (DPW) and Simpson's waiver of notice, appearance, and consent to make the child a ward of DPW. On May 22, 1979, Simpson filed a habeas corpus complaint for the return of the child which had been placed with another family, the Beelers, appellees in this action. The DPW then filed a petition to terminate Simpson's parental rights which, in turn, prompted Simpson to file her "Notice of Rescission of Voluntary Termination or Relinquishment of Parental Rights" on June 27, 1979.

In December 1979, the Beelers filed a "Petition for Adoption" in the Dearborn Circuit Court. The petition noted the pending action in the Washington Circuit Court. On April 23, 1980, the Washington Circuit Court dismissed DPW's petition to terminate parental rights and granted summary judgment in favor of Simpson. The Dearborn court then granted the Beeler's peti-

tion to adopt on June 2, 1980. This court subsequently affirmed the Washington court's dismissal of the petition to terminate parental rights. Almost sixteen months after the grant of the petition for adoption, Simpson petitioned the Dearborn court to set aside the decree granting the adoption. The court denied Simpson's petition and it is from that denial that she now appeals.

## ISSUE

Simpson raises two issues on appeal. However, we combine and rephrase her issues in order to narrowly address the precise issue in this case:

Does the natural mother's rescission of her voluntary termination of parental rights serve to rescind a separately signed consent for adoption, pursuant to which the child was, in fact, adopted?

## DISCUSSION AND DECISION

The trial court did not err in denying appellant's petition to set aside the decree of adoption.

Appellant's contentions on appeal revolve around the Dearborn court's failure to give Simpson notice of the adoption hearing. She contends that the failure to give such notice resulted in the court granting a void decree and further implicates due process concerns under the fourteenth amendment to the United States Constitution. Simpson's arguments are based upon her contention that her consent to the adoption had been previously invalidated. Because we determine that Simpson's consent to the adoption had not been invalidated, we conclude that Simpson's notice claims are without merit.

1. The two documents were printed on opposite sides of the same sheet of paper.

2. In *Washington County Department of Public Welfare v. Konar,* (1981) Ind.App., 416 N.E.2d 1334, this court upheld the decision of the Washington Circuit Court dismissing DPW's petition to terminate parental rights. The circuit court had dismissed the petition based upon Simpson's withdrawal of her termination of parental rights. Our decision in *Konar* is part of the law of the case in the instant appeal.

Simpson originally signed two documents immediately following the birth of her son. The first, a "Voluntary Termination or Relinquishment of Parental Rights," included the following language:

"Nancy Jean Konar, born on 9–7–59 . . . the undersigned parent of Unnamed Male Infant Konar, born 4–16–79 hereby voluntarily and irrevocably relinquish all my rights as a parent with reference to said child, including, but not limited to, the right to control or consent to the adoption or receive notice of a hearing on petition for adoption for said child, and I do further transfer such parental rights to Washington [County Department of Public Welfare]. . . ."

Record at 4. Simpson also signed a "Consent to Adoption"[1] which stated:

"Nancy Jean Konar the undersigned, being the . . . parent having legal custody, being 19 . . . years of age . . . hereby consent to the adoption of Unnamed Male Infant Konar, born on 4–16–79 by person(s) whose name(s) are not known to me. This consent is executed by me without coercion or duress."

Record at 4A. Simpson later attempted to withdraw her termination of parental rights. This withdrawal was upheld by the Washington Circuit Court when it dismissed DPW's petition to terminate parental rights and was affirmed on appeal by this court. For purposes of this appeal, therefore, we assume that Simpson did indeed withdraw her voluntary termination of parental rights.[2] However, Simpson apparently argues, *a fortiori,* that her rescission of the termination of parental rights also operated to rescind her separately-signed consent to adoption. We cannot agree.

However, insofar as our prior opinion might tend to indicate that parents consenting to a termination of parental rights may withdraw that consent at any time, we hereby expressly overrule *Konar.* It is clear that a parent's ability to withdraw such consent is extremely limited. *See Snyder v. Shelby County Department of Public Welfare,* (1981) Ind.App., 418 N.E.2d 1171, 1180, and Indiana Code sections 31–6–5–2, 3 (1982).

■ Simpson filed a "Notice of Rescission of Voluntary Termination or Relinquishment of Parental Rights" in response to DPW's petition to terminate parental rights. The Washington Circuit Court dismissed DPW's petition and entered judgment for Simpson based upon its determination that Simpson had rescinded her parental rights termination. This court affirmed the trial court's decision. However, neither the Washington Circuit Court nor this court considered the separately-signed consent to adoption in addressing the rescission of the parental rights termination. Therefore, we cannot agree with appellant's contention that the rescission of the voluntary termination of parental rights also operated as a rescission of the consent to adoption. Nowhere in the proceedings is it evident that the separately-signed consent to adoption was ever even considered to be a part of the dispute.[3]

■ Our conclusion, that the consent to adoption was not vitiated by the rescission of the termination of parental rights, is supported by the language of Indiana Code section 31–3–1–6(f) (1982) which states:

"A consent to adoption may not be withdrawn prior to the entry of the decree of adoption unless the court finds, after notice and opportunity to be heard afforded to the petitioner, the person seeking the withdrawal is acting in the best interest of the person sought to be adopted and the court orders the withdrawal."

Section 6(f) provides the exclusive means by which a consent to adoption may be withdrawn prior to the entry of a final decree of adoption. However, Simpson has failed to indicate that such a procedure was involved in the instant case. Absent such an indication, we cannot say that the separately-signed consent to adoption had been rescinded.[4]

■ Because we determine that Simpson had not rescinded her consent to adoption, we must conclude that her notice claims are without merit. Indiana Code section 31–3–1–6(h) (1982) states that "[n]otice of hearing on a petition for adoption need not be given to a person whose consent has been filed with the petition. . . ." It is undisputed that Simpson's signed consent to adoption was made a part of the petition for adoption submitted to the Dearborn Circuit Court. In light of the express language of section 6(h) we cannot say that the adoption court erred in failing to give Simpson notice of the proceedings.[5] Ac-

---

3. Appellant contends that because her answer admitted rhetorical paragraph four of DPW's "Petition for Termination of Parental Rights," the consent to adoption was automatically made an issue in dispute. Paragraph four states "[t]hat the natural mother of said child heretofore on the 18th day of April, 1979 executed a Voluntary Termination or Relinquishment of Parental Rights and Consent to Adoption." Record at 58. We also note, however, that rhetorical paragraph five of the same petition states "[t]hat it would be in the best interests of the child that the parental rights be terminated, in order to facilitate adoption, when adoptive opportunities arise." *Id.* It is clear that DPW sought to terminate Simpson's parental rights. We cannot agree that the mere mention of the existence of the consent to adoption, without anything more, is sufficient to have placed the consent to adoption at issue.

4. Simpson also argues that because the termination of parental rights included a revocation of "the right to control or consent to the adoption," record at 4, the rescission of the termination of parental rights reinstated the natural mother's right to withhold consent for the adoption. For the reasons stated above, we cannot agree. *See* Ind.Code § 31–3–1–6(f) (1982).

5. We note that the petition for adoption stated "that there is presently a civil proceeding in the Circuit Court of Washington County, Indiana, known as Cuase [sic] No. 79–A–83 wherein the natural mother of said child is seeking to revoke her consent to the adoption of this child." Record at 2. While we do not condone the granting of an adoption where the court is made aware of such circumstances, neither are we inclined to find reversible error where the consent to adoption was not actually rescinded. We are also unimpressed with Simpson's argument that the language of Beeler's petition for adoption supports her contention that the consent to adoption was rescinded by the rescission of the voluntary termination of parental rights in the prior case. Beeler's understanding of what occurred in the previous case is not binding upon this court's determination of what actually occurred.

cordingly, we cannot say that the court committed error in denying Simpson's motion to set aside the adoption decree, and we, therefore, affirm the decision of the lower court.

Affirmed.

ROBERTSON, P.J., and NEAL, J., concur.